219 So.2d 305 (1969)
Armada RODNEY, Plaintiff-Appellant,
v.
Eddie MANSUR et al., Defendants-Appellees.
No. 7548.
Court of Appeal of Louisiana, First Circuit.
January 27, 1969.
*306 Joshua A. Tilton, Baton Rouge, for plaintiff-appellant.
Edward W. Gray, of Percy, Macmurdo & Gray, Baton Rouge, for defendants-appellees.
Before LANDRY, REID and SARTAIN, JJ.
REID, Judge.
This action arises from a shooting in the Big 4 Saloon, in Baton Rouge, Louisiana, on February 19, 1966, wherein the plaintiff, Armada Rodney was shot by Valena Kilpatrick, a customer of the saloon, as he was walking by.
As a result of this shooting Armada Rodney filed suit against Valena Kilpatrick, the owner of the Big 4 Saloon, Eddie Mansur and Hartford Accident and Indemnity Company the liability insurer of Mr. Mansur. The basis for the alleged liability of Eddie Mansur and his insurer, was that Mary Robertson, the employee of Mr. Mansur, breached that duty owed by a tavern keeper to his patrons in not taking the necessary steps to insure their safety. The record will reflect that at some time prior to the incident which resulted in this action, that the defendant, Valena Kilpatrick, as a result of an argument in which she was engaged, removed a gun from her purse, whereupon Mary Robertson, the bartender, asked her to put the gun away, which she did. After the gun had been put away, Mary Robertson stated that she proceeded to go to the telephone in order to call the police, but that she was requested to fix a drink for another customer, which she did. As soon as she served the drink and collected the purchase price she then proceeded to call the police again, at which time Valena Kilpatrick pulled out her gun again and discharged it, resulting in the injury to the plaintiff.
Suit was filed on November 22, 1966, and after a hearing on the merits a judgment was read and signed on June 21, 1967 in favor of the plaintiff, Armada Rodney, and against the defendant, Valena Kilpatrick in the sum of One Thousand, One Hundred, Nineteen and 60/100 ($1,119.60) Dollars, with interest thereon and dismissing the plaintiff's suit against Eddie Mansur and his insurer, Hartford Accident and Indemnity Company. From this judgment the plaintiff has appealed. The determinative questions in this matter are, did Mary Robertson breach the duty owed to *307 the patrons of the Big 4 Saloon when she did not go immediately to call the police or take other necessary steps to protect patrons; and if so is this breach a cause in fact of the resulting injuries? The Trial Court in its oral reasons for judgment found that the bartender was not under duty to personally become involved in a fight with Valena Kilpatrick, but that she should have immediately notified the police department, in order that they disarm the Kilpatrick woman.
The Court then dealt with the question of whether or not this breach of duty was the cause in fact of the plaintiff's injuries. At this point the length of time required by the bartender, Mary Robertson, in fixing a drink for another patron, is of prime importance. Mary Robertson testified under cross examination that she estimated the length of time necessary to prepare this drink and to make the proper change was about 10 minutes. The plaintiff contends that the Court should find that as a matter of fact that 10 minutes were actually expended by Mary Robertson in the preparation of the drink. However, the Trial Court felt that the explanation given by Mary Robertson that she was only estimating the time used and that the description of her actions as she prepared the drink and made the change for the customer did not bear out her estimate and that in fact she could not have expended more than a minute or a minute and a half. It was therefore the Trial Court's opinion that even if Mary Robertson had not taken the time to mix this drink, the plaintiff would have been in no better position, in that the police would not have had time to arrive in so short a time.
This Court is at liberty to reverse the findings of the Trial Court on the questions of fact only in manifest error, and since we find no manifest error we must affirm the Trial Court's decision.
This brings us to the question of quantum. The plaintiff cites the case of Cavalier v. American Employers Insurance Company, La.App., 170 So.2d 713, in asking for an increase to $5,000.00. An examination of that case, however, reveals that the injuries they sustained were far more serious than those in the present case. In the present case the plaintiff admitted that he did not experience any bad pain (T. page 67) and further the treatment he received consisted only of cleansing and debridement of the wound and the application of medication to prevent infection and pain. Again the record reveals nothing to indicate that the Trial Judge committed manifest error in his decision and therefore his decision must be affirmed, and all costs to be borne by the plaintiff.
Affirmed.