342 So.2d 276 (1977)
Irma Diane ROUSSEAU, Plaintiff-Appellant,
v.
Troy DERAMUS, Defendant-Appellee.
No. 5775.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1977.
Rehearing Denied March 2, 1977.
Stephen E. Everett, Alexandria, for plaintiff-appellant.
Gold Hall, Hammill & Little, by Edward E. Rundell, Alexandria, for defendant-appellee.
Before CULPEPPER, GUIDRY and FORET, JJ.
GUIDRY, Judge.
This suit was instituted by plaintiff, Irma Diane Rousseau, to recover damages for injuries she allegedly sustained when she fell while on the defendant's premises. Plaintiff appeals from the trial court judgment dismissing her claim.
The facts show that on May 17, 1975, at approximately 8:30 P.M. plaintiff, accompanied by a friend, Alton DeSoto, went to the "Famous Old Barn Dance", a place of public entertainment in Rapides Parish owned by defendant. The "Famous Old Barn Dance", which operates only on Saturday night, features live country music. No alcoholic beverages are served on the premises. Patrons enter and exit the defendant's property by means of a 10 foot wide asphalt drive which leads directly up to the barn. Parking is provided in the field on either side of the asphalt drive.
Plaintiff testified that on the night in question she and Alton DeSoto drove into *277 defendant's premises. They came about halfway down the 210 foot long asphalt drive then turned right and parked in the adjacent field. Plaintiff and her escort then walked up the drive and into the building. Plaintiff and Mr. DeSoto only remained at the barn dance about one-half hour. They left defendant's building at about 9:00 P.M., proceeding down the asphalt drive to the automobile. Before they reached the car, while still on the asphalt drive, plaintiff fell. As a result of her fall plaintiff sustained a colles type fracture of the right wrist.
In describing her fall, plaintiff testified that her feet just came right straight out in front of her and she went down. Plaintiff testified that she did not know what caused her to fall. Alton DeSoto likewise testified that he did not know what caused Mrs. Rousseau to fall.
There is no evidence in the record which would indicate the presence of any defect in the defendant's premises and specifically in the asphalt drive. The asphalt drive was admittedly dry. Plaintiff and her only witness to the accident, Alton DeSoto testified that neither detected any foreign substance or obstruction in the area where plaintiff fell. Mrs. Rousseau did state that she noticed traces of a dark stain around the cuffs of her pants, however, there is nothing in the record which would suggest that this cuff mark was picked up as the result of the presence of a foreign substance in the area of her fall. Rather, the fact that plaintiff's shoes were clean and dry indicate that the mark on the cuffs of her pants were nothing more than those usually occurring when long pants are worn. In short, what caused plaintiff to fall is unexplained.
Although plaintiff raises some question as to the adequacy of the lighting in the parking area she admits that there was a light at the front door of the barn and a large vapor light out in the parking area. Plaintiff acknowledged that there could have been more lights but she simply didn't remember. Defendant testified that the entire area around his building, asphalt drive and parking area was well lighted. He stated that there were seven lights in the area which illuminated the entire premises. In this connection, the trial judge along with counsel for both parties, made a physical inspection of the defendant's premises at night. Although the trial judge did not render written reasons for judgment he presumably resolved this issue in favor of defendant. There is certainly sufficient evidence in the record which would support a finding that defendant's premises were adequately lighted.
The law is clear that the owner of a business establishment is not the insurer of the safety of his patrons and need only keep the premises in reasonably safe condition for use in a manner consistent with the purposes of the premises. Gonzales v. Winn Dixie Louisiana, Inc. 326 So.2d 486 (La. 1976); Kavlich v. Kramer 315 So.2d 282 (La.1975). It is also a well established principle that the mere fact that one is injured while on another's premises does not create a presumption of negligence of the owner. In order to recover the injured party has the burden of proving a breach of duty of the owner to exercise reasonable care. Gonzales v. Winn Dixie Louisiana, Inc. supra; Kavlich v. Kramer, supra. Our review of the record shows that plaintiff has simply failed to carry this burden.
We agree with the trial court judgment dismissing plaintiff's action.
For the reasons assigned, the judgment appealed from is affirmed. All costs of these proceedings to be borne by the plaintiff-appellant.
AFFIRMED.