347 So.2d 75 (1977)
Edith FOGLEMAN, Individually and as Administratrix of the Estate of her five Minor Children, Plaintiff-Appellant,
v.
PIGGLY WIGGLY OPERATORS WAREHOUSE, INC., et al., Defendants-Appellees.
No. 13258.
Court of Appeal of Louisiana, Second Circuit.
May 23, 1977.
Rehearing Denied June 22, 1977.
*76 Arthur Cobb, Ltd. by Arthur Cobb, Baton Rouge, for plaintiff-appellant.
Lunn, Irion, Switzer, Johnson & Salley by Harry A. Johnson, Jr., Shreveport, for defendants-appellees.
Before BOLIN, PRICE and MARVIN, JJ.
En Banc. Rehearing Denied June 22, 1977.
BOLIN, Judge.
Plaintiff, individually and on behalf of her minor children, seeks damages for the alleged wrongful death of her husband. Plaintiff's husband was found lying fatally injured on U.S. Highway No. 84, and it is plaintiff's contention that his death resulted from being run over by a Piggly Wiggly truck. Named defendants are the truck driver, Mason Ginn, Piggly Wiggly Operators Warehouse, Inc., and the liability insurer of Piggly Wiggly. Plaintiff's case was limited to circumstantial evidence as there were no witnesses to the accident. The district judge who tried the case was replaced by a newly-elected judge before the case was decided and he rejected plaintiff's demands, finding that plaintiff had failed to meet the burden of proof required in circumstantial evidence cases. Plaintiff appeals and we affirm.
Various witnesses testified that they had driven past the deceased shortly before 4:00 a. m.; that the deceased was lying across the eastbound lane of U.S. Highway 84; and that he appeared at that time to be uninjured. Soon thereafter Ginn, who was driving a large Piggly Wiggly truck in an easterly direction along the same highway, noticed a shape in the road ahead and he pulled his truck into the westbound lane to pass the object later identified as the deceased. After passing the object, Ginn pulled back into the eastbound lane and then stopped his truck on the eastbound shoulder. Simultaneously, two men in a car heading in a westerly direction on the highway passed Ginn's now stationary truck and found plaintiff's husband lying in the road, severely mangled and near death.
Plaintiff contends that the deceased was lying across the eastbound lane of the highway, alive and uninjured, at approximately 4:00 a. m.; that Ginn negligently failed to notice deceased lying in the road until it was too late to avoid running over him; and that the back wheels of the Piggly Wiggly trailer rolled over the deceased, inflicting the fatal injuries.
Testimony was offered that such damage could have only been inflicted by a very large vehicle. There was no evidence that any other large vehicles were operating in the area at this time. However, it was established that there were several roads intersecting U.S. 84 in the area where the deceased was found.
Ginn's deposition was offered into evidence by the plaintiff's attorney in lieu of his testimony at the trial. In his deposition Ginn stated he first saw the object, later identified as the deceased, when it was some 200 yards ahead of his truck and he moved into the westbound lane to go around it. He estimated the time to be approximately 4:45 a. m. He stated that as he passed the object he could not recognize it as a human being and that it was "all bloody and hard to distinguish . . . exactly what it was . . ." Ginn's testimony is uncontroverted and is readily believable.
*77 In every tort action the plaintiff must show that it is more probable than not that the harm was caused by the fault of the defendant. The evidence may be entirely circumstantial provided it excludes with a fair amount of certainty any other reasonable way the tort could have occurred except the one urged by the injured party. Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971); A & M Pest Control Service, Inc. v. Fejta Construction Co., 338 So.2d 946 (La.App. 4th Cir., 1976).
The only link between the Piggly Wiggly truck and the accident was the presence of that truck in the area on the morning of the accident. It is not certain how long plaintiff's husband lay in the road before he was run over nor was it shown when he was run over. Further, there is no physical evidence pointing to Ginn's truck as the vehicle responsible for the fatal injuries. It is possible that plaintiff's husband was run over by Ginn's truck but it is equally possible that he was run over by another large vehicle before it turned down one of the numerous side roads leading to oil rigs in the area.
Plaintiff having failed to meet her burden of proof, the judgment rejecting her demands is affirmed at her cost.