BOLIN, Judge.
Based entirely on circumstantial evidence, the trial court found defendant intentionally burned an abandoned house owned by two interdicts. From a money judgment against defendant, he appeals. We reverse.
The issue is whether there is sufficient circumstantial evidence to support the conclusion of the trial judge that defendant was responsible for the fire.
Defendant lived , with his mother in a rural area directly across the road from the residence, known as the Gamble place, which was burned. His son lived in the same general area. Both families had been disturbed a number of times by loud knocking on the houses in the nighttime. Efforts to determine who was causing the disturbances were unsuccessful. Two other fires, the cause of which was not determined, had consumed a barn and shed on defendant’s property within a two-week period prior to this fire. The fires did not occur on the same nights as the disturbances.
Defendant’s adult son testified that, at about 7:00 o’clock on the night of the fire in question, he was concealed in the grass and weeds in the Gamble pasture, watching for anyone who might be causing the noises or setting the fires. He observed his father walk across the road and through the yard of the Gamble place, but because of trees and vegetation he lost sight of his father. In about two minutes he heard a “whoosh” and saw the fire blaze up in the back of the house; he ran back to his house to report the fire.
Defendant testified he heard a racket at the Gamble house and he and his little dog walked over to investigate; that he went up on the front porch but saw no one; he returned home and did not know of the fire until his niece came in and told him the house was afire. He testified he was on the Gamble porch and front walk no more than ten minutes; that he did not go to the back of the house and he took no light with him. He also testified he did not carry anything with him, that he did not smoke, and that he did not start the fire.
The police officers and firemen who were called to the scene testified to the statements given by defendant’s son. However, they were not asked nor did they volunteer information concerning the cause of the fire. Apparently no independent investigation was made into the cause of the fire, as to the presence or absence of an accelerant, or of the manner or means by which the fire was started.
When, as in this case, the proof is circumstantial the evidence must be so convincing that it will sustain no other reasonable hypothesis but that defendant was responsible for the' fire. Wallace v. State Farm Fire & Casualty Ins. Co., 345 So.2d 1004 (La.App. 2d Cir., 1977) and cases cited. Stated differently, the evidence must preclude any other reasonable way the tort could have occurred except the one urged by the injured party. Fogleman v. Piggly Wiggly Operators Warehouse, Inc., 347 So.2d 75 (La.App. 2d Cir., 1977) and cases cited.
The evidence fails to exclude every other reasonable hypothesis but that defendant was responsible for the fire. To the contrary, all the evidence supports a finding that defendant did not burn the building. The only evidence in any way connecting him with the fire was his pres *1058 ence on the premises shortly before the fire. Considering the previous fires of unknown origin, with which defendant was not involved, as well as the mysterious night noises in the area, defendant’s version is the most reasonable explanation of why he was on the Gamble premises on the night in question.
We find no evidence, even circumstantial, that supports the judgment of the trial court.
In view of our decision we pretermit a discussion of the procedural issues raised by appellant.
The judgment is reversed and the suit is dismissed at plaintiff’s cost.