356 So.2d 1074 (1978)
Edgar NED, Sr.
v.
The HERTZ CORPORATION et al.
No. 8874.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1978.
Rehearing Denied April 11, 1978.
Writ Refused June 2, 1978.
*1075 Wiedemann & Fransen, A. Remy Fransen, Jr., New Orleans, for plaintiff-appellee.
Emile L. Turner, Jr. and Malcolm B. Robinson, Jr., New Orleans, for defendants-appellants.
Before LEMMON, STOULIG and GARSAUD, JJ.
LEMMON, Judge.
This suit involves a single vehicle collision which occurred while plaintiff was driving a step van leased by defendant to plaintiff's employer. The threshold issue on appeal is the sufficiency of the evidence that the accident was caused by a defect in the vehicle attributable to defendant's negligence in its contractual obligation of maintenance and repair.

I
Plaintiff was employed as a fork lift operator and substitute truck driver. On the afternoon of the March 11,1974 accident he was assigned to drive a truck normally driven by another employee who had become ill during the day. Plaintiff had not driven this particular truck before.
Plaintiff testified that when he was on his first trip he was traveling in a relatively rural area and, upon entering a more populated commercial area, he noted that he was driving about 30 miles per hour in a 25-mile zone and "touched" his brakes to slow down, whereupon the brakes grabbed and the steering wheel spun out of his hand, causing him to veer to the left across the opposite lane of the two-lane street and into a utility pole located past the curb. The truck caught fire, and the motor, dashboard and firewall area burned.
On March 4 and 5, 1974 defendant had performed a complete brake job, consisting of turning the brake drums, rebuilding the wheel cylinders, and replacing the brake shoes and some wheel bearings and seals. The vehicle was returned to service on March 6 and used thereafter in the normal course of business until the accident five days later.
The regular driver testified that on the morning of the accident he had applied the brakes while slowing to execute a turn, whereupon the brakes "grabbed" and *1076 "pulled" with such violence that the battery was knocked over, and that at the instruction of his supervisor he contacted defendant, whose mechanic went to the scene, changed the battery, and made a cursory check of the brakes by depressing the pedal.[1] The driver further testified that the brakes on that truck had caused considerable problems before the repair work and that the problems still persisted after the work. Plaintiff was unaware of these problems.
Another driver for plaintiff's employer testified that he had experienced severe pulling of the wheels of that truck upon brake application, stating that "the wheel would snatch out your hand". While he could not state with certainty that this experience had occurred subsequent to defendant's repair work, the employer's records showed that he drove that truck on March 6.
An eyewitness to the accident, who resided in the neighborhood, was presented by defendant. She testified positively that the truck "wasn't speeding", but simply went out of control suddenly.
After the accident defendant was notified of the brake problem and had the vehicle inspected by its mechanics and by an independent mechanical expert whom defendant had consulted in prior incidents involving alleged defects. Significantly, the expert was available for trial but not produced.
Defendant did present its own mechanics who testified that they removed each wheel and checked for mechanical failure in the braking system and binding in the steering system; that there was no evidence of fluid leaking, of grease or oil on the shoes, of scarring of the shoes or the drums, or of cylinder locking; and that there was fluid all the way from the master cylinder to the four wheels. They opined that severe pulling to the side would not occur in the absence of evidence of mechanical failure.
After their inspection defendant recycled the brake parts and sold the vehicle.

II
On appeal defendant argues that plaintiff's story is not plausible and further that causation attributable to brake failure was not proved, since there are other more plausible or equally plausible explanations for the occurrence.
Causation, like any other fact, may be proved by direct or circumstantial evidence. Plaintiff has the burden of proof, and the trial judge at the conclusion of the trial weighs all the evidence and determines the preponderance. Proof by direct or circumstantial evidence constitutes a preponderance when the proof, taken as a whole, shows that the fact or causation sought to be proved is more probable than not. Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971).
In the present case the evidence apparently found credible by the trial judge established that plaintiff was not speeding and that the brakes on the truck had "grabbed" violently earlier that day and possibly on other occasions since defendant's repair work. On this evidence the trial judge could reasonably have concluded that the truck's braking system was unreasonably unsafe and that the dangerous condition, of which plaintiff was unaware, caused the accident.[2] While the record also contains other evidence which would furnish a reasonable basis for a contrary conclusion, we find no manifest error in the trial judge's reaching the conclusion that he did.
We note that defendant's evidence rebutting plaintiff's prima facie case was considerably *1077 weakened by the unexplained failure to produce the independent expert who was called in to perform the post-accident inspection and the failure to preserve the evidence of this inspection. These failures, together with the testimony of the eyewitness (produced by defendant) that the truck was not speeding, substantially detract from the plausibility of other suggested causes of the accident.

III
Defendant also questions the amount of the judgment.
In the accident plaintiff's principal injury was blunt abdominal trauma which caused severe kidney damage. The right kidney was surgically removed during the course of a 12-day hospitalization. After several outpatient visits plaintiff was evaluated in October, 1974 by a urologist, who found that the remaining kidney was functioning normally. The doctor opined that plaintiff had no significant urological disability and cautioned plaintiff to limit his activities only to exclude those which required physical contact.
Plaintiff testified that he was in substantial pain for five or six months after the accident and returned to gainful employment with another company in August, 1974. At the time of the accident he was earning $3.05 per hour and had worked for that employer for one and a half years. His hospital bill was $1,314.75.
The trial court awarded $50,000.00. While that amount seems very generous in view of the short period of medical treatment and uneventful recovery without significant disability, the loss of one kidney subjects plaintiff, who was 28 years old at time of trial, to the danger of losing his life if the remaining kidney is injured or becomes diseased. We cannot say on the basis of this record that the award was so excessive as to constitute an abuse of discretion.
The judgment is affirmed.
AFFIRMED.
NOTES
[1] Defendant's mechanic didn't recall any complaints about the brakes on that service call, and his worksheet did not contain a notation of such a complaint.
[2] A plaintiff has successfully borne his burden when the evidence taken as a whole shows that the defendant's negligence was the most plausible or likely cause of the occurrence and that no other factor can as reasonably be ascribed as the cause. Boudreaux v. American Ins. Co., 262 La. 721, 264 So.2d 621 (1972).