BEER, Judge.
Plaintiff-appellee, First National Bank of Commerce (hereafter, “F.N.B.C.”), sued Davis, individually, seeking to recover $5,587.44, the total amount of three insurance drafts ($1,862.48 each) payable to Aggregate Transport, Inc. and Ford Motor Credit Company (hereafter, “Ford”). F.N. B.C. premised Davis’ personal liability on the allegation that he improperly and without authorization caused such endorsements to be placed on the drafts as to result in the proceeds inuring to his benefit. The drafts were drawn by Zurich-American Insurance Company in payment of a claim filed by Ford, the loss-payee and mortgagee of eight Aggregate Transport, Inc. vehicles, and were intended to cover a theft loss. However, the drafts were sent to Aggregate Transport, Inc., of which Davis is president and principal stockholder, and endorsed while in their possession, and thereafter deposited to the F.N.B.C. account of Ready Mix Corporation. Davis happens to also be the president and principal stockholder of Ready Mix Corporation.
Continental Illinois National Bank and Trust Company of Chicago dishonored the drafts upon presentment by F.N.B.C., who, thereupon, remitted its own cashier’s check for $5,587.44 to Continental.
Davis now appeals from a judgment in favor of F.N.B.C., alleging error on the part of the trial judge in finding that Davis was personally liable. F.N.B.C. contends that the trial court properly resolved the factual issues regarding the endorsement and subsequent retention of the funds by Davis— who controlled both the co-payee corporation and the fund recipient corporation.
The facts are not complicated. Aggregate Transport was the owner of four trucks and four trailers secured by a chattel mortgage in favor of Ford. Aggregate had voluntarily surrendered and released these vehicles to Ford since it was unable to pay the balance due on the notes. Ford was the loss payee on Aggregate’s insurance policy.
LSA-R.S. 10:3-404 provides:
“(1) Any unauthorized signature is wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it; but it operates as the signature of the unauthorized signer in favor of any person who in good faith pays the instrument or takes it for value.”
Pat Glasser, National Accounts Officer of F.N.B.C., testified that Davis had informed her that Ford had authorized his endorsement and deposit of the checks into the Ready Mix account.
Ted May, branch manager of Ford’s Little Rock office, denied the genuineness of the Ford endorsement and denied authorizing Davis or Ready Mix to retain the proceeds of the insurance drafts.
On direct examination, Davis first denied personal receipt and endorsement of the drafts. His version of his conversation with Glasser was that he told her that he felt that the insurance proceeds belonged to Aggregate because that company had replaced some of the stolen items for which the claim had been filed. He denied telling her that he either endorsed or instructed his office personnel to write Ford’s endorsement on the checks. He testified that one Gilbert Smith was authorized by him to endorse checks on behalf of Aggregate but acknowledged that Smith had left Aggregate for health reasons, and that his where *10 abouts were unknown. He sought to explain the deposit of Aggregate’s check into the Ready Mix account as merely a repayment to Ready Mix of a cash advance on a hauling contract between the two corporations.
In his oral reasons for judgment, the trial judge stated that the burden of proof had been met by F.N.B.C., indicating that the drafts would not have been endorsed and deposited into the Ready Mix account except for the specific actions of Davis, who completely controlled the two corporations.
Compellingly clear circumstances can indicate that a corporation and the individual principal shareholder operated as one entity. Kingsman Enterprises, Inc. v. Bakerfield Electric Company, Inc., 339 So.2d 1280 (La.App. 1st Cir. 1976). Clearly, the trial judge concluded that the evidence preponderated in favor of the conclusion that the endorsement was made pursuant to specific instructions by Davis. It is well settled that the reviewing court must give great weight to the factual conclusions of the trier of fact, and that where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed. Canter v. Koehring Company, 283 So.2d 716 (La.1973). Based on Miss Glasser’s testimony and on the compellingly clear circumstantial evidence, it was not error to conclude that Davis bore full responsibility for the improper and unauthorized endorsement of Ford Motor Company, and, thus, LSA-R.S. 10:3-404 was properly applied. The same is true with respect to the trial court’s factual findings which support its dismissal of the third party claim against Ford Motor Company. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.