STOKER, Judge.
This is a suit to recover damages for injuries the plaintiff, Eva L. Martel, sustained as she fell while leaving Cormier’s Grocery Store in Mamou, Louisiana. The sole issue presented on appeal is whether *1194 the trial court erred in determining that there was no negligence on the part of the defendants and that the sole cause of the accident was due to the negligence of the plaintiff.
On or about October 4, 1976, Eva Martel had gone to Dale Cormier’s Grocery Store accompanied by her granddaughter. The plaintiff had made several purchases while at the store and these items were placed in a shopping bag which she carried in her left hand, along with her handbag. As she left the store, Mrs. Martel held her granddaughter by the right hand.
The front entrance of the grocery store consists of two glass doors encased in aluminum frames which, at the time of the accident, opened inward. Attached to each door was a hydraulic cylinder which controlled the speed at which the doors would open and close. Evidence taken in the court below revealed that once open, these doors closed rapidly for the first 14 to 18 inches, but thereafter, the hydraulic cylinder would engage and the doors would proceed to close at a much slower pace.
As the plaintiff approached the exit, she opened the door with her right hand, directing her granddaughter through the door. As Mrs. Martel began to leave, her shoe apparently got caught some 12 to 14 inches from the hinge side of the door, causing her to fall and sustain the injuries for which she now seeks recovery.
Plaintiff initially brought suit against Dale Cormier, Cormier’s Grocery Store, Southern Farm Bureau Casualty Insurance Company, and on information and belief, ABC Corporation, XYZ Corporation, and Joe Doe, asserting that the operation of the door caused her to fall. A petition of intervention was filed by the State of Louisiana, Department of Health and Human Resources to recover hospital benefits paid on behalf of Mrs. Martel. The defendants then filed a third party demand against Anaconda Aluminum Company of Atlanta, Georgia, alleging that Anaconda was negligent in designing and manufacturing the doors installed in the grocery store.
Subsequently, the suit was dismissed as to Dale Cormier, and thereafter, the trial judge rendered judgment in favor of the defendants. Specifically, the trial court found that Dale Cormier was free of all negligence; the accident was caused by the negligence of Mrs. Martel; and the claim against the third party defendant was dismissed as was the intervention by the Department of Health and Human Resources. Mrs. Martel now appeals.
The owner of a business establishment is not considered to be the insurer of the safety of his patrons and need only keep the premises in a reasonably safe condition for use in a manner consistent with the purposes of the premises. Rousseau v. Deramus, 342 So.2d 276 (La.App. 3rd Cir. 1977); Rachal v. Brookshire Grocery Stores, Inc., 336 So.2d 1014 (La.App. 3rd Cir. 1976), writ denied 339 So.2d 358 (1976).
The mere fact that someone is injured while on another’s premises does not create a presumption of negligence of the owner. Rousseau v. Deramus, supra; Thomas v. Hanover Insurance Company, 321 So .2d 30 (La.App. 3rd Cir. 1975); Walker v. Union Oil Mill, Inc., 360 So.2d 894 (La.App. 3rd Cir. 1978). In order to recover for injuries sustained on another’s premises, the injured party has the burden of proving a breach of duty on the part of the owner to exercise reasonable care, and such a burden is met only where the evidence indicates that the defendant’s negligence was the most plausible or likely cause of the occurrence and that no other factor can as reasonably be ascribed as the cause of the accident. Ned v. Hertz Corporation, 356 So.2d 1074 (La.App. 4th Cir. 1978), writ denied 359 So.2d 197 (1978); Rousseau v. Deramus, supra.
The evidence introduced in this case is completely devoid of any indication of negligence on the part of David Cormier or of anyone at Cormier’s Grocery Store. The door in question did not function defectively nor did its normal operation constitute a hazard or a risk to the plaintiff. Plaintiff had shopped at the store on many *1195 other occasions and was familiar with the door’s operation. Although the fact that the door opened inwardly was admittedly an inconvenience to patrons of the store, knowledge of this fact did not place Mr. Cormier under any duty to correct this situation; nor did such a fact constitute the existence of a dangerous condition on the premises or expose her to unreasonable risk of harm. The record amply supports the trial judge’s determination that the defendant in this action was not negligent.
Furthermore, the trial court found that the sole cause of the accident was due to the negligence of the plaintiff. This was a factual finding made by the trial judge based upon his analysis of the testimony and the credibility of the witnesses. In the absence of manifest error, such a ruling will not be overturned on review before this court.
For the above and foregoing reasons, the action of the trial court is upheld and all costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.