466 So.2d 804 (1985)
John T. VOLLENWEIDER
v.
NEW ORLEANS PUBLIC SERVICE, INC.
No. CA-2848.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1985.
Writ Denied May 13, 1985.
*805 Harry T. Widmann, New Orleans, for plaintiff-appellee.
James Maher III, New Orleans, for defendant-appellant.
Before LOBRANO, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Appellant, New Orleans Public Service, Inc., ("NOPSI") appeals from a judgment holding it liable for the unlawful discharge of its former employee, John Vollenweider.
Plaintiff, John Vollenweider began his employment with NOPSI on September 16, 1981 as an Overhead Lineman Helper. Mr. Vollenweider was on probation as a new employee. On October 13, 1981 a bucket truck was lowered onto his left foot which resulted in a hairline fracture of the second metatarsal of the left foot; the fracture was closed with no displacement. At the time of the injury, petitioner was earning $5.62 per hour.
After initial emergency room treatment at Touro, petitioner was seen the day after the accident by NOPSI physician, Dr. Richard Faust, who made the diagnosis of a fracture of the second metatarsal. Dr. Faust continued to treat plaintiff.
Dr. Faust felt that plaintiff was capable of light duty work. Consequently, plaintiff reported to work for several weeks where he sat at a desk until he was driven home.
Plaintiff re-injured his foot at home sometime after October 30, 1981 and called NOPSI for permission to see another doctor of his own choice. NOPSI granted plaintiff's request.
Plaintiff chose to be treated by Dr. Keith Larkin, an orthopedist, whose diagnosis was identical to Dr. Faust's diagnosis. Dr. Larkin placed plaintiff in a short leg walking cast. Plaintiff continued to report to work.
On Friday, November 6, 1981, it rained heavily and plaintiff's cast got wet. This caused friction between the cast and plaintiff's foot which chafed the skin and gave the appearance of an infection. On Monday, November 9, 1981, plaintiff returned to Dr. Larkin, who advised him to keep his foot elevated.
The same day, plaintiff told NOPSI that he would not be coming into work because he was under doctor's orders to keep his foot elevated. Plaintiff also called NOPSI on November 10 and reported that he could not work upon the advice of his doctor. On November 11 when plaintiff called in, Mr. Ray DeRocha, plaintiff's supervisor, told him to come in and see Dr. Faust.
Plaintiff testified that on that day DeRocha told him that he was not following company regulations and that he could resign or be fired. Plaintiff resigned because he did not want a firing on his record.
DeRocha testified that he told plaintiff that he was not following the rules on absenteeism; that plaintiff was not keeping *806 him informed of what Dr. Larkin was telling plaintiff; and that he was not calling in when he wasn't coming into work. DeRocha also testified that he told plaintiff that if he couldn't follow the company's rules that he wasn't the type of employee that NOPSI wanted.
Subsequent to his resignation, plaintiff received compensation benefits until February, 1982, at which time he had been discharged by Dr. Larkin without residual liability.
Plaintiff began working full-time at Good Hope Refinery on February 4, 1982 at $9.52 per hour and worked there until January 28, 1983.
Plaintiff filed this suit alleging that he was discharged in retaliation for the filing of a compensation claim.[1] In addition to penalties and attorney's fees, Vollenweider sued for payment of medical bills, as well as penalties and attorney's fees for the arbitrary and capricious refusal of NOPSI to pay the bill. Plaintiff also sued for statutory penalties and attorney's fees arising out of NOPSI's failure to deliver requested medical records in a timely fashion. The trial court ruled in favor of plaintiff with regard to the wrongful discharge aspect of the claim and awarded $10,000.00 in damages, together with all costs and legal interest, and attorney's fees representing twenty-five (25%) percent of the judgment. However, the trial court did not rule on plaintiff's claims concerning nonpayment of the medical expenses and failure to provide medical records.
NOPSI claims that the trial court's finding that it violated LSA-R.S. 23:1361 is manifestly erroneous because it is not supported by the evidence presented at trial. We agree. A review of the record convinces us that plaintiff was discharged because of his injury, not because he asserted a claim for workers compensation benefits.
The test of sufficiency in a circumstantial evidence case is that the evidence, taken as a whole, must exclude other reasonable hypotheses with a fair amount of certainty. Naquin v. Marquette Casualty Co., 244 La. 569, 153 So.2d 395 (1963), Maryland Casualty Co. v. Trahan, 384 So.2d 819 (La.App. 4th Cir.1980).
We conclude that the circumstantial evidence presented in this case does not exclude other reasonable hypotheses. It is evident from the facts of this case that it is very likely that plaintiff was asked to resign because he failed to follow company policy regarding attendance at work.
The evidence presented by plaintiff is not sufficient under the law to meet his burden of proof. Therefore, we must reverse the award of $10,000 and twenty-five (25%) percent attorneys fees.
Plaintiff also claims that he is entitled to payment of his medical bills. At trial, John Brandt, a senior claims clerk at NOPSI, testified that he told plaintiff that NOPSI would pay his private doctors' bills, if reports were filed regularly. He also testified that plaintiff's physician had filed only one report. NOPSI claims that the medical bill is subject to set-off or compensation[2] because plaintiff received and cashed several workers compensation checks from NOPSI, even after he had started working at Good Hope Refinery.
We are of the opinion that it is of no consequence that NOPSI received only one medical report as NOPSI agreed to pay plaintiff's medical bills and they are bound by that agreement.
Although NOPSI's argument that plaintiff's claim is subject to compensation may be correct, NOPSI failed to produce *807 any proof of the amounts of the alleged wrongfully cashed workers compensation checks. Since NOPSI failed to present adequate proof of the amount subject to compensation we find that NOPSI is not entitled to compensation and is liable for payment of plaintiff's medical bills.[3] However, we do not find that NOPSI's refusal to pay the medical bills was either arbitrary or capricious. Therefore plaintiff is not entitled to penalties or attorneys fees for NOPSI's refusal to pay his medical bills.
Finally, plaintiff claims that the trial court erred in failing to award statutory penalties and attorneys fees for defendant's failure to provide copies of medical records in a timely fashion. LSA-R.S. 23:1125 provides that an employer must furnish an employee with a copy of a written medical report within 30 days of the employee's request for such a report. If the employer fails to provide the medical report, without just cause, he becomes liable for a civil penalty in the amount of $250 plus reasonable attorney's fees.
The record reflects that plaintiff's attorney requested a copy of plaintiff's medical report from NOPSI on February 22, 1982 and again on March 22, 1982, but NOPSI did not provide plaintiff's attorney with a copy of the medical report until September 21, 1982. NOPSI did not provide any explanation for the delay.
Therefore, we find that NOPSI is liable to plaintiff for a civil penalty in the amount of $250 as well as reasonable attorney's fees. As there was no evidence regarding attorney's fees presented in the trial court, we must remand this case for a determination of reasonable attorney fees under LSA-R.S. 23:1125.
For the foregoing reasons the judgment of the trial court is reversed and remanded.
REVERSED and REMANDED.
NOTES
[1] LSA-R.S. 23:1361 reads as follows:

No person shall discharge an employee because of said employee having asserted a claim for benefits under the provisions of this chapter or under the law of any state or of the United States. Nothing in this chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.
[2] See, LSA-C.C. Arts. 1893 et seq.
[3] LSA-R.S. 23:1206 (prior to the 1983 amendment) provides the procedure for an employer asserting a claim for overpaid compensation. This claim was not asserted nor approved in the lower court.