hBARRY, Judge.
Plaintiff was injured in a physical altercation with three patrons at the Wild Tchoupi-toulas Cafe. He sued the establishment, its owners and its insurer. The trial court granted summary judgment for the defendants, and plaintiff appeals. We affirm.

Facts

Anthony Turley alleges that he was a patron at the Wild Tehoupitoulas Cafe on March 22, 1991 at about 1:00 a.m. He was dancing with several friends when unidentified, male patrons began dancing provocatively behind some of the females in Turley’s group. One of the males in Turley’s group asked the unidentified group to leave. An unidentified male knocked the glasses off of Turley’s friend, and Turley intervened. He said that “instantly or at that moment,” the unidentified males attacked Turley. Two held him while another punched him, knocked his teeth out, and repeatedly scratched his face. Turley broke free and told the bartender to call the police. He said the bartender immediately announced over the loudspeaker that the police were on the way.
|2Turley sued Wild Tehoupitoulas, Inc., its owners, Leslie Straughan and Don Flanagan, d/b/a Wild Tehoupitoulas Cafe, and Pelican State Mutual Insurance Co. Louisiana Insurance Guaranty Association was substituted for Pelican after Pelican became insolvent. Defendants moved for summary judgment, which the trial court granted without reasons.

Summary Judgment

Under the 1996 amendment to La. C.C.P. art. 966 summary judgment is favored and the article shall be construed to accomplish that end. La. C.C.P. art. 966(A)(2). After discovery and/or after a case is set for trial, summary judgment shall be granted if there is no genuine issue for trial, the mover is entitled to judgment as a matter of law and the adverse party fails to
make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.
La. C.C.P. art. 966(C).

Duty to Patrons

The duty which an owner of a public place owes to its patrons is well established:
(W)hile the proprietor of a public place is not the guarantor of his patrons’ safety, he owes them a duty to exercise reasonable care to protect them from harm at the hands of a fellow-guest or at the hands of his employees; such a proprietor owes a duty to guests to protect them from insult, annoyance and danger, and his guests have a right to rely on the belief they are in an orderly house and are protected from injury by the exercise of reasonable care for their safety by the operator of the establishment or his representative.
Anderson v. Clements, 284 So.2d 341, 344 (La.App. 4th Cir.1973).
| -¡That duty does not extend to the unforeseeable or unanticipated criminal acts of an independent third person. Delgado v. Laboucherie, Inc., 508 So.2d 956, 958 (La.App. 4th Cir.1987). The owner’s duty to protect arises when he has or can be imputed with knowledge of the third person’s intended conduct. Id. The duty can be discharged by summoning the police at that time. Ballew v. Southland Corp., 482 So.2d 890, 892 (La.App. 2d Cir.1986).
*534 Turley argues that there are issues of fact concerning the duration of the altercation, the time that transpired before the bartender called the police, and the bartender’s knowledge of the assailants’ intent. Those facts are necessary to determine the defendants’ duty and whether that duty was breached.
There is no case directly on point. The following instructive cases have similar fact patterns although they were not decided on summary judgment.
In Johnston v. Fontana, 610 So.2d 1119 (La.App. 2d Cir.1992), writ den. 618 So.2d 407 (La.1998), plaintiff was a bystander who was injured in an altercation between two patrons of the defendant’s restaurant. The altercation began after thirty minutes of verbal provocation between the patrons and several warnings from the restaurant employees. The trial court held that the restaurant was not liable, and the Second Circuit reversed, reasoning that restaurant employees were aware of the argument and should have called the police or asked the fighting patrons to leave. See also Borne v. Bourg, 327 So.2d 607 (La.App. 4th Cir.1976), in which the bartender recognized that a dangerous confrontation was developing between two patrons and did not alert police.
Liability is not imposed if the incident occurs very quickly and there is no evidence that the defendants had knowledge (or should have had knowledge) of the impending threat to the patrons’ safety. In Delgado v. Laboucherie, Inc., 508 So.2d 956, a lounge patron invited the plaintiffs friend to dance and she declined. The patron harassed the plaintiff and his friends by shouting obscenities for about twenty minutes then went to the bar. When plaintiff went to the bar to order drinks, the two men argued and the rejected patron struck the plaintiff without warning. This Court held that the lounge owner did not breach his duty to the patron because “the attack on plaintiff was sudden and could not have been reasonably prevented by defendants or their employees.” Delgado, 508 So.2d at 958. See also Silvio v. Pharoah’s Palace, 517 So.2d 185 (La.App. 1st Cir.1987), which affirmed the involuntary dismissal of plaintiffs case because the evidence did not show that the defendants were aware of the assailant patrons’ violent propensities, although someone had complained to the bartender.
Turley’s petition alleges that he was at the Wild Tchoupitoulas Cafe when “suddenly and without warning, an unknown white male ..., an invitee of the Owners, struck (him) in the face.” His deposition states that he was dancing with several friends when unidentified, male patrons began dancing provocatively behind some of the females in Turley’s group. They did not touch the women. After a “few moments” the unidentified males walked away. They returned “a few seconds later,” resumed the provocative dancing and gestures, then walked away again. Turley said the unidentified males returned to the dance floor a third time. Turley’s friend asked them to leave, and the physical altercation immediately began. Turley estimated that the assailants attacked him for a couple of minutes, and the entire incident unfolded within ten minutes. Turley’s affidavit provides a slightly longer time frame, estimating that the provocative dancing and “obscene behavior” occurred for about fifteen minutes. Turley did not alert the bartender |5that trouble was brewing and there is no evidence that the bartender was otherwise apprised of the potential conflict before the altercation.
Patrick Barberot was the bartender. His affidavit states that there was no argument or other indication that an altercation was going to occur until the incident happened. Barberot stated that the entire incident lasted about sixty to ninety seconds. He summoned the police “immediately after the commotion began.”
Even if the dancing incidents lasted fifteen minutes, the alleged provocative dancing is not sufficient to alert an owner or employee that a dangerous situation may develop. Turley did not complain to the bartender, and the bartender’s affidavit states that there was no argument or warning that a fight would occur.
Defendants sustained their burden of proof that there is no genuine issue for trial and they are entitled to summary judgment as a matter of law. Turley did not “establish the *535 existence of proof’ that the bartender knew or should have known of the assailants’ intended conduct. See Art. 966(C).
The summary judgment is affirmed.

AFFIRMED.