STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-40


ESTATE OF JENNIFER HERRING, ET AL.

VERSUS

MICROTEL INN & SUITES FRANCHISING, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 84,225 "G"
HONORABLE DURWOOD W. CONQUE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Jimmie C. Peters, and J. David Painter, Judges.

AFFIRMED.


Kenneth O. Privat
Privat & Privat
P. O. Box 449
Crowley, LA 70527-0449
(337) 783-7142
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Carla Richard Pommier, Administrator
        of the Estate of Jennifer Herring
    Blake Herring
    Jon Plowden, as Tutor of the Minor, Jonte Plowden

**Ian A. MacDonald**
**Jones Walker**
**P. O. Drawer 3408**
**Lafayette, LA 70502-3408**
**(337) 593-7600**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Pelican Hotel, L.L.C.**

**DECUIR, Judge.**

Heirs of shooting victim, Jennifer Herring (Herring), appeal a judgment of involuntary dismissal in favor of her employer, Pelican Hotels, L.L.C. (Pelican).

**FACTS**

At 8:00 a.m. on March 2, 2005, Herring arrived at the Microtel Inn & Suites, where she was employed as a front desk manager. While there, Herring received threatening phone calls from her boyfriend, Francis Vallery, Jr. (Vallery). Vallery's father also called Herring and advised her to leave work because Vallery was going to kill her.

Herring notified the Lafayette Police of the threats, and they made two separate visits to the hotel property. Vallery never threatened to come to the hotel. Nevertheless, Herring was encouraged to leave during both visits but declined to do so despite offers of relief from two separate employees. In light of Herring's decision to stay, the hotel perimeter doors were locked.

Ultimately, Vallery came to the hotel and shot and killed Herring. Herring's heirs initiated this claim for damages against Pelican, the hotel owner, because it did not prevent Herring's murder. After the close of the heirs' case, Pelican moved for involuntary dismissal. The trial court granted the motion. The heirs lodged this appeal.

**DISCUSSION**

Herring's heirs allege the trial court erred as a matter of law in granting Pelican's motion. We disagree.

In *Kite v. Carter*, 03-378, p. 5 (La.App. 3 Cir. 10/1/03), 856 So.2d 1271, 1274, this court said:

The trial court is accorded much discretion in the granting of an involuntary dismissal. *Guillory v. Int'l Harvester Co.*, 99-593 (La.App. 3 Cir. 10/13/99), 745 So.2d 733, *writ denied*, 99-3237 (La.1/14/00), 753 So.2d 220. It is required to weigh and evaluate all of the evidence presented by the plaintiff and grant the dismissal if the evidence is sufficient to establish that the plaintiff has not proven his claim by a preponderance of the evidence. *Id.* The grant of an involuntary dismissal is subject to the manifest error standard of review. *Id.*

In *Rodriguez v. New Orleans Public Service, Inc.*, 400 So.2d 884, 887-888 (La.1981) the court explained (footnote omitted):

Owners of businesses who permit the public to enter their establishments have a duty to exercise reasonable care to protect those who do enter. *Ferrington v. McDaniel*, 336 So.2d 796 (La.1976); *Kavlich v. Kramer*, 315 So.2d 282 (La.1975); *Rigney v. Howard Bros. Discount Stores, Inc.*, 387 So.2d 38 (La.App. 3rd Cir. 1980); *Martel v. South Farm Bureau Cas. Ins. Co.*, 368 So.2d 1192 (La.App. 3rd Cir. 1979). This duty extends to keeping the premises safe from unreasonable risks of harm or warning persons of known dangers. *Williams v. Winn Dixie of La., Inc.*, 393 So.2d 680 (La.1981). When the independent, intentional tortious or criminal acts of a third person constitute the unreasonable risk, this duty does not require the proprietor to risk physical injury or civil or criminal liability by physical intervention. Rather, the duty can be discharged by the summoning of those entrusted by law with the power of immediately maintaining the peace, the police, at the time the proprietor knows or should reasonably know of the third person's intention and apparent ability to execute the intended acts. *See Guidry v. Toups*, 351 So.2d 1280 (La.App. 1st Cir. 1977), *writ den.* 353 So.2d 1036 (La.1978); *Borne v. Bourg*, 327 So.2d 607 (La.App. 4th Cir. 1976); *Anderson v. Clements*, 284 So.2d 341 (La.App. 4th Cir. 1973); *Rodney v. Mansur*, 219 So.2d 305 (La.App. 1st Cir. 1969). In addition, the proprietor would have to, as far as is practicable under the circumstances, warn others of the danger prior to the arrival of the police so that they might take actions to avoid the danger. *Anderson v. Clements, supra*; *see also Williams v. Winn Dixie of La., supra.*

In this case, the heirs argue that Pelican owed a higher duty because Herring was a guest. The trial court found that Herring was not a guest but an employee who was in the hotel while off duty. Moreover, the trial court found that the hotel had not offered or guaranteed her safety. To the contrary, management, her coworkers and the police all suggested that she leave. Only when she refused, did the hotel have all the exterior doors locked. The trial court also noted that the hotel

2

had twice called a locksmith about an allegedly defective door and, even if that were not the case, there was no evidence to establish that Vallery entered through that door. Ultimately, the trial court found that Herring's heirs failed to prove that Pelican had breached any duty owed to Herring. After careful review of the record, we find no manifest error in the trial court's factual determinations or application of the law to those facts.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to the appellants.

**AFFIRMED.**